# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19CV157 HEA |
| ) | |
| UNKNOWN BARKER, et al., ) | |
| ) | |
| Respondents. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a document filed by petitioner Michael E. Cox that has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will direct petitioner to file an amended petition on a Court-provided form.

### Discussion

Petitioner is a pro se litigant currently incarcerated at the Scott County Jail in Benton, Missouri. On September 6, 2019, he filed a document titled "Rule 91 Habeas Corpus," which was construed as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner named Judge Barker, prosecutors Robert Horack and Tabitha Blakely, and attorney Amy Lynne Commean as respondents. The petition is handwritten and not on a Court form.

In the petition, petitioner requests that his "probation sentence of 3 years" be reversed and thrown out in *State of Missouri v. Cox*, No. 17SO-CR00959 (33rd Cir., Scott County). Petitioner alleges that he was "forced to take 3 years" because of his attorney's advice. Based on review of petitioner's state court case, it appears that on September 20, 2018, he was given a suspended

sentence of three years, along with five years of probation.[1] It also appears, however, that petitioner's sentence has not yet been executed, and that a probation revocation hearing is forthcoming. Thus, it seems as though the petition might be premature. However, because the petition is not on a Court form, the Court is not entirely certain what petitioner is seeking. Therefore, the Court will direct petitioner to file an amended petition on a Court form within thirty days of the date of this order. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Failure to comply with this order will result in the dismissal of this petition without prejudice and without further notice.

### Motion to Proceed in Forma Pauperis

Petitioner has filed a motion to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted.

### Motion to Stay Probation Proceedings

Petitioner has also filed a motion to stay his probation violation hearing until after the ruling on his petition for writ of habeas corpus. (Docket No. 6). The Court has construed this motion as an application for a writ of mandamus. The Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a). However, petitioner has not demonstrated that the actions of the named respondents in this case are within the jurisdiction of this Court. *See Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County*, 323 F.2d 485, 486 (8th Cir. 1963). As such, petitioner's motion to stay his state court proceedings must be denied.

---

[1] Petitioner's state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to stay his probation violation hearing (Docket No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file an amended petition on the Court form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, this action will be dismissed without prejudice and without further notice.

Dated this 15th day of November, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE