## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL E. COX, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-00157-HEA |
| UNKNOWN BARKER, et al., | ) ) ) |
| Respondents. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of petitioner Michael E. Cox's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 8). Having thoroughly reviewed the amended petition, and for the reasons discussed below, the petition must be summarily dismissed for failure to exhaust.

### Background

Petitioner is a pro se litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. At the time this action was initially filed, he was an inmate at the Scott County Jail in Benton, Missouri.

On September 6, 2019, petitioner filed a document with the Court titled "Rule 91 Habeas Corpus," which was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition named Judge Barker, prosecutors Robert Horack and Tabitha Blakely, and attorney Amy Lynne Commean as respondents.

In the initial petition, petitioner requested that his "probation sentence of 3 years" be reversed and thrown out in *State of Missouri v. Cox*, No. 17SO-CR00959 (33rd Cir., Scott County).[1] Specifically, petitioner alleged that he was "forced to take 3 years" because of his attorney's advice.

On November 15, 2019, the Court ordered petitioner to file an amended petition on a Court form. (Docket No. 7). In the order, the Court noted that upon review of petitioner's state case, it appeared that he had been given a suspended sentence of three years, along with five years of probation, on September 20, 2018. However, at the time petitioner filed his federal action, his probation revocation hearing was still pending, and had not yet occurred. As such, the Court observed that his petition appeared to be premature. Nevertheless, petitioner was given thirty days in which to submit an amended petition, which he has done.

## The Amended Petition

Petitioner's amended petition is handwritten on a Court form. Sheriff Wes Drury is named as the sole respondent. Attached to the petition is a copy of a handwritten motion filed in the state circuit court. The motion is titled "Motion to Reopen/Quash Probation Revocation/Allocution/and Vacate [and] Set Aside Judgment." (Docket No. 8-1 at 1). There is also a letter addressed to Judge Barker titled "Request for Answers." (Docket No. 8-2).

In the amended petition, petitioner states that he is challenging his conviction in *State of Missouri v. Cox*, No. 17SO-CR00959 (33rd Cir., Scott County). (Docket No. 8 at 1). For his grounds of relief, petitioner references the attached "Rule 91 Writ of Habeas Corpus" for details. (Docket No. 8 at 4, 6-7, 9).

---

[1] Petitioner's underlying state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of this public record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

In the attachment, petitioner states that he had a probation revocation hearing on November 15, 2019. (Docket No. 8-1 at 1). Petitioner was present at the hearing, witnesses were sworn, and evidence was presented. At the conclusion of the hearing, the matter was taken under advisement. The attorneys were told to submit memoranda by November 22, 2019, addressing whether petitioner's probation should be revoked or reinstated. (Docket No. 8-1 at 2). Petitioner states that Judge Barker scheduled a court date for November 22, 2019.

On November 25, 2019, petitioner learned via the legal kiosk that the circuit court had cancelled the November 22, 2019 hearing. Furthermore, the circuit court ordered petitioner's probation to be revoked. Petitioner asserts that this occurred without any further hearing on the matter, and without petitioner being present.

Petitioner alleges that the circuit court failed to ask him "fundamental" questions, such as whether his counsel was ineffective, and did not afford him allocution. (Docket No. 8-1 at 2-3). As such, he claims that his Fourteenth Amendment rights to due process and equal protection have been denied. (Docket No. 8-1 at 2).

## Discussion

Petitioner is a pro se litigant who has brought this action pursuant to 28 U.S.C. § 2254, alleging that his constitutional rights were violated when his probation was revoked and his suspended sentence executed without him being present in court. Because petitioner has not exhausted his state remedies, the petition must be denied, and this action dismissed.

**A. Exhaustion**

A petitioner in state custody seeking relief pursuant to 28 U.S.C. § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir.

1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). Exhaustion provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

Here, petitioner has not established that he has exhausted his state remedies concerning the revocation of his probation. Review of his criminal case shows that he filed a "Motion to Reopen/Quash Probation Revocation/Allocution/and Vacate [and] Set Aside Judgment" on December 2, 2019. Petitioner refers to this motion as a state habeas petition. However, as he

acknowledges, the motion has not yet been ruled upon, much less appealed. As such, petitioner has not yet completed the "one full round of litigation" necessary to satisfy the exhaustion requirement.

Pursuant to 28 U.S.C. § 2254, a petitioner may be excused from the exhaustion requirement if "there is an absence of available State corrective process…or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, there is an available state corrective process. Specifically, petitioner can challenge the revocation of his probation by filing a writ of habeas corpus. *See Green v. State*, 494 S.W.2d 356, 357 (Mo. 1973) (stating that "[h]abeas corpus would appear to be the proper remedy" for a prisoner seeking to have his probation reinstated); and *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. App. 1998) (explaining that "[r]evocation of probation is not directly appealable…but may be reviewed by filing a writ of habeas corpus"). Furthermore, while petitioner claims in the petition that the circuit court "refuse[s] to answer," he has not presented any facts to demonstrate that circumstances exist to render the filing of a state habeas petition ineffective to protect his rights. For the above-stated reasons, petitioner has failed to exhaust his state remedies before filing the instant action.

B.  **Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner is not entitled relief because he has failed to exhaust his state remedies before filing the instant petition. In order to exhaust, petitioner must complete "one full round of litigation" in order to give the state courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." While

5

petitioner asserts that he has filed a state habeas action, the action has not been ruled upon, and petitioner has not completed the appellate review process. Therefore, the petition must be denied, and this action dismissed. *See* 28 U.S.C. § 2254(b).

### C. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to do so, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 15th day of April, 2020.

                                         HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE